GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
2702 Montana Avenue, Suite 101
Billings, MT 59101
(406) 259-2459
(406) 259-2469 (Facsimile)
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>vs.<br><br>THOMAS JAMES ROCKROADS, III,<br>          Defendant. | **Case No. CR 15-78-BLG-SPW**<br><br>**SENTENCING MEMORANDUM** |

      COMES NOW defendant Thomas James Rockroads, III, through his undersigned counsel and offers the following memorandum in aid of sentencing currently set down before the Court for Wednesday, February 24, 2016, in Billings at 9:30 a.m.

## INTRODUCTION

On October 20, 2015, Thomas Rockroads pled guilty to the charge of Assault on a Federal Officer in violation of 18 U.S.C. section 111 (a)(1) and (b). Pursuant to a plea agreement, Count II ,which charged Use of a Firearm During and Relation to a Crime of Violence will be dismissed at the time of sentencing if the court accepts the plea agreement. Defendant was arrested on August 12, 2015, and at the time of sentencing will have 197 days in federal custody.

## PRESENTENCE REPORT (PSR) OBJECTIONS

Counsel has reviewed the Presentence Report (PSR) with the defendant and there are two outstanding objections to it.

The statement that Randy Elliott incurred bodily injury to include "abrasions and scrapes, increased heart rate, pepper spray irritation, and muscle soreness that is painful and obvious, and is a type for which medical attention would be sought" is insufficient evidence to support a three level enhancement under U.S.S.G. §2A2.2(b)(3). *See e.g.*, *United States v. Greene*, 964 F.2d 911, 912 (9th Cir. 1992) (enhancement upheld where teller, whose face was slapped twice, had a swollen, red cheek that showed the defendant's handprint on it for a week); *United States v. Brown*, 200 F.3d 700, 710 (10th Cir. 1999) (enhancement upheld where "victim sustained bleeding and a severe headache from the half a dozen blows he received, as well as swelling, bruises, cuts and lumps on his face").

In particular, no evidence exists regarding the extent of the injuries, how long the injuries lasted, or even if medical attention was sought. Without more evidence, his injuries appear to be of the type that were momentary with no lasting harm. *See United States v. Lancaster*, 6 F.3d 208, 210-11 (4th Cir. 1993) (injury to a security guard who was sprayed in the eyes with mace was not a significant injury as to constitute bodily injury for sentencing enhancement purposes because "it was only momentary and the mace produced no lasting harm"). "[A]n injury need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *Lancaster*, 6 F.3d at 209. Injuries that are either "momentary" and/or "with no lasting effects" are not significant. *Id.*

In addition, the six-level enhancement under U.S.S.G. §3A1.2(c) is not applicable to defendant. U.S.S.G. §3A1.2(c) Cmt n. 4(A) states that, in general, subsection (c) "applies in circumstances tantamount to aggravated assault (I) against a law enforcement officer; committed in the course of, or in immediate flight following, another offense."

Here, Mr. Rockroads committed only one offense–that of assault on a federal officer. The enhancement cannot just apply to Mr. Rockroads because the victim of the assault is a law enforcement officer. The application note specifically indicates that the enhancement applies to circumstances tantamount to aggravated assault

against a law enforcement officer committed in the course of *another offense*. Mr. Rockroads' one and only offense here was aggravated assault. *See United States v. Garcia*, 254 Fed. Appx. 640, 642, 2007 WL 4037506, *1 (2007) (although the error was held harmless for other reasons, the district court erred in "interpreting U.S.S.G. § 3A1.2(c)(1) as applying whenever the victim is a law enforcement officer"); *United States v. Edwards*, 490 Fed. Appx. 6, 8-9, 2012 WL 3016224, **2 (2012) (Defendant "did not commit aggravated assault in the course of another offense; he committed the assault in the course of only one offense." That offense was criminal endangerment involving an officer. Since there was no other offense, the enhancement could not apply.); *United States v. Oatman*, 617 Fed. Appx. 788 (2015) (same).

## 18 U.S.C. §3353(a) FACTORS

The relevant sentencing factors are set forth in 18 U.S.C. §3553(a)(2), which we address briefly:

(1)   *Nature and Circumstances of the Offense*

Defendant stands convicted of assault on a federal officer in violation of 18 U.S.C. §111(a)(1) and (b) for having forcibly assaulted by use of a dangerous weapon a Bureau of Indian Affairs police officer while the officer was engaged in his official duties on April 7, 2015.

(2)  ***History and Characteristics of the Defendant***.

Defendant is a young man who knows he did wrong and is prepared to be sentenced. Defendant has been diagnosed with several severe mental health problems, some of which are the result of the traumatic brain injury he sustained when he was in a head-on collision. In December 2012, Rockroads was hit by a drunk driver in a head on collision. His physical injuries stemming from the accident are set forth in paragraph 50 thru 52 of the PSR. He continues to deal with the effects of that event to this day. Rockroads' mental health history is however, perhaps the most significant factor in the offense conduct before this court. Specifically, the majority of his mental health history is set forth in paragraphs 54-70 which indicates that he is in need of psychiatric treatment and medication restraint.

(3)  ***Seriousness of the Offense***.

Rockroads acknowledges that his offense is serious.

(4)  ***Deterrence and Protection of the Public***.

A prison sentence at the low end of the properly calculated Guidelines range will serve to accomplish each of these factors.

(5)  ***Promotion of Respect for the Law***.

Rockroads is no doubt at a crossroads. He needs to amend his life and take responsibility for his future actions. It is clear that Rockroads suffers from both physical and mental health issues that need to be addressed. Proper medication and

psychological treatment are necessary to assist Rockroads in his reentry back into his daily life.

(6)  ***Need to Provide Defendant With Education, Training, Medical Care or Other Correctional Treatment.***

Anger management, substance abuse treatment and mental health counseling with proper prescribed medication are necessary for Rockroads successful reintegration.

(7)  ***The Applicable Guidelines***.

Defendant requests that the Court calculate his Guideline range after considering and resolving his objections set forth above. As such, defendant's offense level would be 16 and at a Criminal History Category I, the Guideline range would be 21 to 27 months. Rockroads respectfully requests that the court sentence him to a low end guideline range and to a period of supervised release during which time he will be required to obtain mental health counseling and treatment.

Respectfully Submitted February 1, 2016.

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on February 1, 2016, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ___ | Hand Delivery |
| 3 | Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. JOHN SULLIVAN
   Assistant United States Attorney
   United States Attorney's Office
   2601 2nd Avenue North, Suite 3200
   Billings, MT 59101
       Counsel for the United States

3. THOMAS JAMES ROCKROADS III
       Defendant

    /s/ Gillian E. Gosch
    GILLIAN E. GOSCH
    Federal Defenders of Montana
        Counsel for Defendant